## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| ANNE BOND, DANY CRUZ, STEPHANIE WEBER, KAYLYNN GARCIA, SHENIKA PRESTON, KATHRYN ROGERS, RUSSELL SMITH, RAMARIO ARMSTRONG, BRANDON BATCHELOR, ESMERALDA CARRIZALES, ASHLEY FOEGE, ASHTON FORBES, JAMILLA GARCIA, GARY DATHA, TOMMY IVY, ASHLEY MARS, ERIC NORDHEIM, NICOLAS PEREYA, TRAVIS SCHOUE, MATTHEW STEPHENSON, and ROSA JOANNE ALVARADO, | § § § § § § § § § § § § § | |
| Plaintiffs, | § § | |
| *v.* | § § | CIVIL ACTION NO. 1:14-cv-00627 |
| NAVIKA CAPITAL GROUP, LLC, PEARL HOSPITALITY, LLC, RUBY HOSPITALITY, INC., SAPPHIRE HOSPITALITY, INC., LOTUSTEL GROUP, LLC, MOONSTONE HOSPITALITY, INC., GARNET HOSPITALITY, INC., SUNSTONE HOSPITALITY, INC., YELLOW SAPPHIRE HOSPITALITY, INC., KOHINOOR HOSPITALITY, INC., and NAVEEN C. SHAH, | § § § § § § § § § § § § | |
| Defendants. | § | JURY DEMANDED |

## PLAINTIFFS' COMPLAINT

Plaintiffs Anne Bond, Dany Cruz, Stephanie Weber, Kaylyn Garcia, Shenika Preston,

Kathryn Rogers, Russell Smith, Ramario Armstrong, Brandon Batchelor, Esmeralda Carrizales,

Ashley Foege, Ashton Forbes, Jamilla Garcia, Gary Datha, Tommy Ivy, Ashley Mars, Eric

Nordheim, Nicolas Pereya, Travis Schoue, Matthew Stephenson, and Rosa Joanne Alvarado,

bring this action to recover unpaid wages, minimum wages, and overtime wages from

Defendants Navika Capital Group, LLC, Pearl Hospitality, LLC, Ruby Hospitality, Inc., Sapphire Hospitality, Inc., Lotustel Group, LLC, Moonstone Hospitality, Inc., Garnet Hospitality, Inc., Sunstone Hospitality, Inc., Yellow Sapphire Hospitality, Inc., Kohinoor Hospitality, Inc., and Naveen C. Shah.

### A.  Nature of the Action

**Fair Labor Standards Act Overtime and Minimum Wage Claims**

1.      The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers. . . ."  29 U.S.C. § 202(a).  To achieve its humanitarian goals, the FLSA sets overtime pay requirements for covered employers.  29 U.S.C. § 207(a).

2.      Defendants violated the FLSA when they failed to pay Plaintiffs Anne Bond, Dany Cruz, Stephanie Weber, Kaylynn Garcia, Shenika Preston, Kathryn Rogers, Russell Smith, Ramario Armstrong, Brandon Batchelor, Esmeralda Carrizales, Ashley Foege, Ashton Forbes, Jamilla Garcia, Gary Datha, Tommy Ivy, Ashley Mars, Eric Nordheim, Nicolas Pereya, Travis Schoue, Matthew Stephenson, and Rosa Joanne Alvarado their overtime wages.  Accordingly, Plaintiffs file this Complaint under Section 216(b) of the FLSA to recover unpaid minimum and overtime wages.

3.      Defendants violated the FLSA by not paying Plaintiffs the minimum wage set forth in the Act.  *See* 29 U.S.C. § 206(a).

### B.  Jurisdiction

4.      This Court has subject matter jurisdiction under 28 U.S.C. Section 1331 and 29 U.S.C. Sections 206 and 216(b).

## C.  Venue

5.        Venue is proper in the Western District of Texas, because a substantial part of the events or omissions giving rise to the claim occurred in this district.

6.        Alternatively, venue is proper in this district because all Defendants are residents of the State of Texas, and Defendants Navika Capital Group, LLC, Pearl Hospitality, LLC, Ruby Hospitality, Inc., Sapphire Hospitality, Inc., Lotustel Group, LLC, Moonstone Hospitality, Inc., Garnet Hospitality, Inc., Sunstone Hospitality, Inc., Yellow Sapphire Hospitality, Inc., Kohinoor Hospitality, Inc. are residents of the Western District of Texas.

## D.  The Parties

7.        Plaintiff Anne Bond is a resident of Killeen, Texas. She is a covered employee of Navika Capital Group, LLC, Garnet Hospitality, Inc., and Naveen Shah within the meaning of the FLSA.

8.        Plaintiff Stephanie Weber was a resident of Round Rock, Texas during the time period in question. She is a current resident of Minnesota. She is a covered employee of Navika Capital Group, LLC, Garnet Hospitality, Inc., and Naveen Shah within the meaning of the FLSA.

9.        Plaintiff Dany Cruz is a resident of Houston, Texas. He is a covered employee of Navika Capital Group, LLC, Pearl Hospitality, LLC, and Naveen Shah within the meaning of the FLSA.

10.       Plaintiff Kaylynn Garcia is a resident of Houston, Texas. She is a covered employee of Navika Capital Group, LLC, Pearl Hospitality, LLC, and Naveen Shah within the meaning of the FLSA.

11.     Plaintiff Shenika Preston is a resident of La Marque, Texas. She is a covered employee of Navika Capital Group, LLC, Moonstone Hospitality, Inc., and Naveen Shah within the meaning of the FLSA.

12.     Plaintiff Kathryn Rogers is a resident of Texas City, Texas. She is a covered employee of Navika Capital Group, LLC, Yellow Sapphire Hospitality, Inc., and Naveen Shah within the meaning of the FLSA.

13.     Plaintiff Russell Smith is a resident of Vidor, Texas. He is a covered employee of Navika Capital Group, LLC, Pearl Hospitality, LLC, and Naveen Shah within the meaning of the FLSA.

14.     Plaintiff Ramario Armstrong is a resident of La Marque, Texas. He is a covered employee of Navika Capital Group, LLC, Yellow Sapphire Hospitality, Inc., and Naveen Shah within the meaning of the FLSA.

15.     Plaintiff Brandon Batchelor is a resident of Arlington, Texas. He is a covered employee of Navika Capital Group, LLC, Sapphire Hospitality, Inc., and Naveen Shah within the meaning of the FLSA.

16.     Plaintiff Esmeralda Carrizales is a resident of Brownsville, Texas. She is a covered employee of Navika Capital Group, LLC, Pearl Hospitality, LLC, and Naveen Shah within the meaning of the FLSA.

17.     Plaintiff Ashley Foege is a resident of Killeen, Texas. She is a covered employee of Navika Capital Group, LLC, Garnet Hospitality, Inc., and Naveen Shah within the meaning of the FLSA.

18.     Plaintiff Ashton Forbes is a resident of Pearland, Texas. He is a covered employee of Navika Capital Group, LLC, Pearl Hospitality, LLC, and Naveen Shah within the meaning of the FLSA.

19.     Plaintiff Jamilla Garcia is a resident of Houston, Texas. She is a covered employee of Navika Capital Group, LLC, Moonstone Hospitality, Inc., and Naveen Shah within the meaning of the FLSA.

20.     Plaintiff Gary Datha is a resident of Houston, Texas. He is a covered employee of Navika Capital Group, LLC, Moonstone Hospitality, Inc., and Naveen Shah within the meaning of the FLSA.

21.     Plaintiff Tommy Ivy is a resident of Weatherford, Texas. He is a covered employee of Navika Capital Group, LLC, Kohinoor Hospitality, Inc., and Naveen Shah within the meaning of the FLSA.

22.     Plaintiff Ashley Mars is a resident of Fort Worth, Texas. She is a covered employee of Navika Capital Group, LLC, Sapphire Hospitality, Inc., and Naveen Shah within the meaning of the FLSA.

23.     Plaintiff Eric Nordheim is a resident of Houston, Texas. He is a covered employee of Navika Capital Group, LLC, Pearl Hospitality, LLC, and Naveen Shah within the meaning of the FLSA.

24.     Plaintiff Nicolas Pereya is a resident of Arlington, Texas. He is a covered employee of Navika Capital Group, LLC, Sapphire Hospitality, Inc., and Naveen Shah within the meaning of the FLSA.

25.      Plaintiff Travis Schoue is a resident of Kempner, Texas. He is a covered employee of Navika Capital Group, LLC, Garnet Hospitality, Inc., and Naveen Shah within the meaning of the FLSA.

26.      Plaintiff Matthew Stephenson is a resident of Baird, Texas. He is a covered employee of Navika Capital Group, LLC, Sunstone Hospitality, Inc., and Naveen Shah within the meaning of the FLSA.

27.      Plaintiff Rosa Joanne Alvarado is a resident of Killeen, Texas. She is a covered employee of Navika Capital Group, LLC, Garnet Hospitality, Inc., and Naveen Shah within the meaning of the FLSA.

28.      Defendant Navika Capital Group, LLC ("Navika") is a New York limited liability company doing business in the Western District of Texas.  Its principal place of business is 100 Jericho Quadrangle Suite 206, Jericho, New York 11753.  It is an enterprise engaged in commerce that acted in the interest of an employer with respect to Plaintiffs.

29.      Defendant Pearl Hospitality, LLC ("Pearl") is a Texas limited liability company doing business in the Western District of Texas.  Its principal place of business is 100 Jericho Quadrangle Suite 206, Jericho, New York 11753.  It is an enterprise engaged in commerce that acted in the interest of an employer with respect to Plaintiffs.

30.      Defendant Ruby Hospitality, Inc. ("Ruby") is a Texas corporation doing business in Texas.  Its principal place of business is 100 Jericho Quadrangle Suite 206, Jericho, New York 11753.  It is an enterprise engaged in commerce that acted in the interest of an employer with respect to Plaintiffs.

31.      Defendant Sapphire Hospitality, Inc. ("Sapphire") is a Texas corporation doing business in Texas.  Its principal place of business is 4024 Melear Drive, Arlington, Texas 76015.

It is an enterprise engaged in commerce that acted in the interest of an employer with respect to Plaintiffs.

32.     Defendant Lotustel Group, LLC ("Lotustel") is a Texas corporation doing business in Texas.  Its principal place of business is 5110 North George Bush Freeway, Garland, Texas 75040.  It is an enterprise engaged in commerce that acted in the interest of an employer with respect to Plaintiffs.

33.     Defendant Moonstone Hospitality, Inc. ("Moonstone") is a Texas corporation doing business in Texas.  Its principal place of business is 6687 Southwest Freeway, Houston, Texas 75074.  It is an enterprise engaged in commerce that acted in the interest of an employer with respect to Plaintiffs.

34.     Defendant Garnet Hospitality, Inc. ("Garnet") is a Texas corporation doing business in Texas.  Its principal place of business is 2506 Trimmier Road, Killeen, Texas 76542.  It is an enterprise engaged in commerce that acted in the interest of an employer with respect to Plaintiffs.

35.     Defendant Sunstone Hospitality, Inc. ("Sunstone") is a Texas corporation doing business in Texas.  Its principal place of business is 910 Harbin Drive, Stephenville, Texas 76401.  It is an enterprise engaged in commerce that acted in the interest of an employer with respect to Plaintiffs.

36.     Defendant Yellow Sapphire Hospitality, Inc. ("Yellow Sapphire") is a Texas corporation doing business in Texas.  Its principal place of business is 10620 Emmitt Lowery Expressway, Texas City, Texas 77592.  It is an enterprise engaged in commerce that acted in the interest of an employer with respect to Plaintiffs.

37.     Defendant Kohinoor Hospitality, Inc. ("Kohinoor") is a Texas corporation doing business in Texas.  Its principal place of business is 1927 Santa Fe Drive, Weatherford, Texas 76086.  It is an enterprise engaged in commerce that acted in the interest of an employer with respect to Plaintiffs.

38.     Defendants Navika, Pearl, Ruby, Sapphire, Lotustel, Moonstone, Garnet, Sunstone, Yellow Sapphire, and Kohinoor constitute an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because its annual gross volume of sales exceeds $500,000, and their employees (including Plaintiffs) handle goods that have been moved in or been produced in commerce.  29 U.S.C § 203(s)(1).

39.     Defendants Navika, Pearl, Ruby, Sapphire, Lotustel, Moonstone, Garnet, Sunstone, Yellow Sapphire, and Kohinoor, and Naveen C. Shah, acted directly or indirectly in the interest of an employer in relation to Plaintiffs.  29 U.S.C. § 203(d).  Defendants directed the day-to-day activities of Plaintiffs.  Thus, Defendants are "employers" under the FLSA.  *See* 29 C.F.R. § 791.2; *Falk v. Brennan*, 414 U.S. 190, 195 (1973).

40.     Defendant Naveen C. Shah ("Shah") is an individual doing business in the State of Texas.

### E.  Plaintiffs' Individual Allegations

41.     Navika, Pearl, Ruby, Sapphire, Lotustel, Moonstone, Garnet, Sunstone, Yellow Sapphire, and Kohinoor, and Shah operate hotels.  Among these hotels are the Baymont Inn & Suites in Killeen, Texas, the Holiday Inn Express in Pearland, Texas, and the Baymont Inn & Suites in Ennis, Texas.

42.     Shah is an owner of Navika.  Navika and Shah directed the working hours and/or compensation for Plaintiffs.

43.      Plaintiff Anne Bond worked for Navika and Garnet.  She was entitled to be paid for each hour she worked.  As a full-time non-exempt employee, she was entitled to a minimum hourly wage.  29 U.S.C. § 206.  She was also entitled to overtime wages at one and one half times her "regular rate" for all hours worked over forty in a given work week.  *Id.* at § 207.  Navika, Shah, and Garnet failed to pay Anne Bond for all hours worked, her minimum wages for all hours worked, and overtime wages for all hours worked in excess of forty hours per week.  Among other illegal actions, Defendants intentionally misrepresented the number of actual hours Anne Bond worked, and because she was paid the minimum wage for hours reported on her paychecks (as opposed to worked), her wages per hour fall below the minimum wage.

44.      Navika, Shah, and Garnet regularly directed Anne Bond's work, and Anne Bond does not fall within any exemption under the FLSA.

45.      Plaintiff Dany Cruz worked for Navika and Pearl.  He was entitled to be paid for each hour he worked.  As a full-time non-exempt employee, he was entitled to a minimum hourly wage.  29 U.S.C. § 206.  He was also entitled to overtime wages at one and one half times his "regular rate" for all hours worked over forty in a given work week.  *Id.* at § 207.  Navika, Shah, and Pearl failed to pay Dany Cruz for all hours worked, his minimum wages for all hours worked, and overtime wages for all hours worked in excess of forty hours per week.  Among other illegal actions, Defendants intentionally misrepresented the number of actual hours Dany Cruz worked, and because he was paid the minimum wage for hours reported on his paychecks (as opposed to worked), his wages per hour fall below the minimum wage.

46.      Navika, Shah, and Pearl regularly directed Dany Cruz's work, and Dany Cruz does not fall within any exemption under the FLSA.

47.     Plaintiff Stephanie Weber worked for Navika and Garnet.  She was entitled to be paid for each hour she worked.  As a full-time non-exempt employee, she was entitled to a minimum hourly wage.  29 U.S.C. § 206.  She was also entitled to overtime wages at one and one half times her "regular rate" for all hours worked over forty in a given work week.  *Id.* at § 207.  Navika, Shah, and Garnet failed to pay Stephanie Weber for all hours worked, her minimum wages for all hours worked, and overtime wages for all hours worked in excess of forty hours per week.  Among other illegal actions, Defendants intentionally misrepresented the number of actual hours Stephanie Weber worked, and because she was paid the minimum wage for hours reported on her paychecks (as opposed to worked), her wages per hour fall below the minimum wage.

48.     Navika, Shah, and Garnet regularly directed Stephanie Weber's work, and Stephanie Weber does not fall within any exemption under the FLSA.

49.     Plaintiff Kaylynn Garcia worked for Navika and Pearl.  She was entitled to be paid for each hour she worked.  As a full-time non-exempt employee, she was entitled to a minimum hourly wage.  29 U.S.C. § 206.  She was also entitled to overtime wages at one and one half times her "regular rate" for all hours worked over forty in a given work week.  *Id.* at § 207.  Navika, Shah, and Pearl failed to pay Kaylynn Garcia for all hours worked, her minimum wages for all hours worked, and overtime wages for all hours worked in excess of forty hours per week.  Among other illegal actions, Defendants intentionally misrepresented the number of actual hours Kaylynn Garcia worked, and because she was paid the minimum wage for hours reported on her paychecks (as opposed to worked), her wages per hour fall below the minimum wage.

50.      Navika, Shah, and Pearl regularly directed Kaylynn Garcia's work, and Kaylynn Garcia does not fall within any exemption under the FLSA.

51.      Plaintiff Shenika Preston worked for Navika and Moonstone.  She was entitled to be paid for each hour she worked.  As a full-time non-exempt employee, she was entitled to a minimum hourly wage.  29 U.S.C. § 206.  She was also entitled to overtime wages at one and one half times her "regular rate" for all hours worked over forty in a given work week.  *Id.* at § 207.  Navika, Shah, and Moonstone failed to pay Shenika Preston for all hours worked, her minimum wages for all hours worked, and overtime wages for all hours worked in excess of forty hours per week.  Among other illegal actions, Defendants intentionally misrepresented the number of actual hours Shenika Preston worked, and because she was paid the minimum wage for hours reported on her paychecks (as opposed to worked), her wages per hour fall below the minimum wage.

52.      Navika, Shah, and Moonstone regularly directed Shenika Preston's work, and Shenika Preston does not fall within any exemption under the FLSA.

53.      Plaintiff Kathryn Rogers worked for Navika and Yellow Sapphire.  She was entitled to be paid for each hour she worked.  As a full-time non-exempt employee, she was entitled to a minimum hourly wage.  29 U.S.C. § 206.  She was also entitled to overtime wages at one and one half times her "regular rate" for all hours worked over forty in a given work week.  *Id.* at § 207.  Navika, Shah, and Yellow Sapphire failed to pay Kathryn Rogers for all hours worked, her minimum wages for all hours worked, and overtime wages for all hours worked in excess of forty hours per week.  Among other illegal actions, Defendants intentionally misrepresented the number of actual hours Katherine Rogers worked, and because she was paid

the minimum wage for hours reported on her paychecks (as opposed to worked), her wages per hour fall below the minimum wage.

54.     Navika, Shah, and Yellow Sapphire regularly directed Kathryn Rogers' work, and Kathryn Rogers does not fall within any exemption under the FLSA.

55.     Plaintiff Russell Smith worked for Navika and Pearl.  He was entitled to be paid for each hour he worked.  As a full-time non-exempt employee, he was entitled to a minimum hourly wage.  29 U.S.C. § 206.  He was also entitled to overtime wages at one and one half times his "regular rate" for all hours worked over forty in a given work week.  *Id.* at § 207. Navika, Shah, and Pearl failed to pay Russell Smith for all hours worked, his minimum wages for all hours worked, and overtime wages for all hours worked in excess of forty hours per week. Among other illegal actions, Defendants intentionally misrepresented the number of actual hours Russell Smith worked, and because he was paid the minimum wage for hours reported on his paychecks (as opposed to worked), his wages per hour fall below the minimum wage.

56.     Navika, Shah, and Pearl regularly directed Russell Smith's work, and Russell Smith does not fall within any exemption under the FLSA.

57.     Plaintiff Ramario Armstrong worked for Navika and Yellow Sapphire.  He was entitled to be paid for each hour he worked.  As a full-time non-exempt employee, he was entitled to a minimum hourly wage.  29 U.S.C. § 206.  He was also entitled to overtime wages at one and one half times his "regular rate" for all hours worked over forty in a given work week. *Id.* at § 207.  Navika, Shah, and Yellow Sapphire failed to pay Ramario Armstrong for all hours worked, his minimum wages for all hours worked, and overtime wages for all hours worked in excess of forty hours per week.   Among other illegal actions, Defendants intentionally misrepresented the number of actual hours Ramario Armstrong worked, and because he was paid

the minimum wage for hours reported on his paychecks (as opposed to worked), his wages per hour fall below the minimum wage.

58.     Navika, Shah, and Yellow Sapphire regularly directed Ramario Armstrong work, and Ramario Armstrong does not fall within any exemption under the FLSA.

59.     Plaintiff Brandon Batchelor worked for Navika and Sapphire.  He was entitled to be paid for each hour he worked.  As a full-time non-exempt employee, he was entitled to a minimum hourly wage.  29 U.S.C. § 206.  He was also entitled to overtime wages at one and one half times his "regular rate" for all hours worked over forty in a given work week.  *Id.* at § 207. Navika, Shah, and Sapphire failed to pay Brandon Batchelor for all hours worked, his minimum wages for all hours worked, and overtime wages for all hours worked in excess of forty hours per week.  Among other illegal actions, Defendants intentionally misrepresented the number of actual hours Brandon Batchelor worked, and because he was paid the minimum wage for hours reported on his paychecks (as opposed to worked), his wages per hour fall below the minimum wage.

60.     Navika, Shah, and Sapphire regularly directed Brandon Batchelor's work, and Brandon Batchelor does not fall within any exemption under the FLSA.

61.     Plaintiff Esmeralda Carrizales worked for Navika and Pearl.  She was entitled to be paid for each hour she worked.  As a full-time non-exempt employee, she was entitled to a minimum hourly wage.  29 U.S.C. § 206.  She was also entitled to overtime wages at one and one half times her "regular rate" for all hours worked over forty in a given work week.  *Id.* at § 207.  Navika, Shah, and Pearl failed to pay Esmeralda Carrizales for all hours worked, her minimum wages for all hours worked, and overtime wages for all hours worked in excess of forty hours per week.  Among other illegal actions, Defendants intentionally misrepresented the

number of actual hours Esmeralda Carrizales worked, and because she was paid the minimum wage for hours reported on her paychecks (as opposed to worked), her wages per hour fall below the minimum wage.

62.     Navika, Shah, and Pearl regularly directed Esmeralda Carrizales' work, and Esmeralda Carrizales does not fall within any exemption under the FLSA.

63.     Plaintiff Ashley Foege worked for Navika and Garnet.  She was entitled to be paid for each hour she worked.  As a full-time non-exempt employee, she was entitled to a minimum hourly wage.  29 U.S.C. § 206.  She was also entitled to overtime wages at one and one half times her "regular rate" for all hours worked over forty in a given work week.  *Id.* at § 207.  Navika, Shah, and Garnet failed to pay Ashley Foege for all hours worked, her minimum wages for all hours worked, and overtime wages for all hours worked in excess of forty hours per week.  Among other illegal actions, Defendants intentionally misrepresented the number of actual hours Ashley Foege worked, and because she was paid the minimum wage for hours reported on her paychecks (as opposed to worked), her wages per hour fall below the minimum wage.

64.     Navika, Shah, and Garnet regularly directed Ashley Foege's work, and Ashley Foege does not fall within any exemption under the FLSA.

65.     Plaintiff Ashton Forbes worked for Navika and Pearl.  He was entitled to be paid for each hour he worked.  As a full-time non-exempt employee, he was entitled to a minimum hourly wage.  29 U.S.C. § 206.  He was also entitled to overtime wages at one and one half times his "regular rate" for all hours worked over forty in a given work week.  *Id.* at § 207. Navika, Shah, and Pearl failed to pay Ashton Forbes for all hours worked, his minimum wages for all hours worked, and overtime wages for all hours worked in excess of forty hours per week.

Among other illegal actions, Defendants intentionally misrepresented the number of actual hours Ashton Forbes worked, and because he was paid the minimum wage for hours reported on his paychecks (as opposed to worked), his wages per hour fall below the minimum wage.

66.     Navika, Shah, and Pearl regularly directed Ashton Forbes' work, and Ashton Forbes does not fall within any exemption under the FLSA.

67.     Plaintiff Jamilla Garcia worked for Navika and Moonstone.  She was entitled to be paid for each hour she worked.  As a full-time non-exempt employee, she was entitled to a minimum hourly wage.  29 U.S.C. § 206.  She was also entitled to overtime wages at one and one half times her "regular rate" for all hours worked over forty in a given work week.  *Id.* at § 207.  Navika, Shah, and Moonstone failed to pay Jamilla Garcia for all hours worked, her minimum wages for all hours worked, and overtime wages for all hours worked in excess of forty hours per week.  Among other illegal actions, Defendants intentionally misrepresented the number of actual hours Jamilla Garcia worked, and because she was paid the minimum wage for hours reported on her paychecks (as opposed to worked), her wages per hour fall below the minimum wage.

68.     Navika, Shah, and Moonstone regularly directed Jamilla Garcia's work, and Jamilla Garcia does not fall within any exemption under the FLSA.

69.     Plaintiff Gary Datha worked for Navika and Moonstone.  He was entitled to be paid for each hour he worked.  As a full-time non-exempt employee, he was entitled to a minimum hourly wage.  29 U.S.C. § 206.  He was also entitled to overtime wages at one and one half times his "regular rate" for all hours worked over forty in a given work week.  *Id.* at § 207. Navika, Shah, and Moonstone failed to pay Gary Datha for all hours worked, his minimum wages for all hours worked, and overtime wages for all hours worked in excess of forty hours per

week.   Among other illegal actions, Defendants intentionally misrepresented the number of actual hours Gary Datha worked, and because he was paid the minimum wage for hours reported on his paychecks (as opposed to worked), his wages per hour fall below the minimum wage.

70.      Navika, Shah, and Moonstone regularly directed Gary Datha's work, and Gary Datha does not fall within any exemption under the FLSA.

71.      Plaintiff Tommy Ivy worked for Navika and Kohinoor.  He was entitled to be paid for each hour he worked.  As a full-time non-exempt employee, he was entitled to a minimum hourly wage.  29 U.S.C. § 206.  He was also entitled to overtime wages at one and one half times his "regular rate" for all hours worked over forty in a given work week.  *Id.* at § 207. Navika, Shah, and Kohinoor failed to pay Tommy Ivy for all hours worked, his minimum wages for all hours worked, and overtime wages for all hours worked in excess of forty hours per week. Among other illegal actions, Defendants intentionally misrepresented the number of actual hours Tommy Ivy worked, and because he was paid the minimum wage for hours reported on his paychecks (as opposed to worked), his wages per hour fall below the minimum wage.

72.      Navika, Shah, and Kohinoor regularly directed Tommy Ivy's work, and Tommy Ivy does not fall within any exemption under the FLSA.

73.      Plaintiff Ashley Mars worked for Navika and Sapphire.  She was entitled to be paid for each hour she worked.  As a full-time non-exempt employee, she was entitled to a minimum hourly wage.  29 U.S.C. § 206.  She was also entitled to overtime wages at one and one half times her "regular rate" for all hours worked over forty in a given work week.  *Id.* at § 207.  Navika, Shah, and Sapphire failed to pay Ashley Mars for all hours worked, her minimum wages for all hours worked, and overtime wages for all hours worked in excess of forty hours per week.   Among other illegal actions, Defendants intentionally misrepresented the number of

actual hours Ashley Mars worked, and because she was paid the minimum wage for hours reported on her paychecks (as opposed to worked), her wages per hour fall below the minimum wage.

74.     Navika, Shah, and Sapphire regularly directed Ashley Mars' work, and Ashley Mars does not fall within any exemption under the FLSA.

75.     Plaintiff Eric Nordheim worked for Navika and Pearl.  He was entitled to be paid for each hour he worked.  As a full-time non-exempt employee, he was entitled to a minimum hourly wage.  29 U.S.C. § 206.  He was also entitled to overtime wages at one and one half times his "regular rate" for all hours worked over forty in a given work week.  *Id.* at § 207. Navika, Shah, and Pearl failed to pay Eric Nordheim for all hours worked, his minimum wages for all hours worked, and overtime wages for all hours worked in excess of forty hours per week. Among other illegal actions, Defendants intentionally misrepresented the number of actual hours Eric Nordheim worked, and because he was paid the minimum wage for hours reported on his paychecks (as opposed to worked), his wages per hour fall below the minimum wage.

76.     Navika, Shah, and Pearl regularly directed Eric Nordheim's work, and Eric Nordheim does not fall within any exemption under the FLSA.

77.     Plaintiff Nicolas Pereya worked for Navika and Sapphire.  He was entitled to be paid for each hour he worked.  As a full-time non-exempt employee, he was entitled to a minimum hourly wage.  29 U.S.C. § 206.  He was also entitled to overtime wages at one and one half times his "regular rate" for all hours worked over forty in a given work week.  *Id.* at § 207. Navika, Shah, and Sapphire failed to pay Nicolas Pereya for all hours worked, his minimum wages for all hours worked, and overtime wages for all hours worked in excess of forty hours per week.   Among other illegal actions, Defendants intentionally misrepresented the number of

actual hours Nicolas Pereya worked, and because he was paid the minimum wage for hours reported on his paychecks (as opposed to worked), his wages per hour fall below the minimum wage.

78.     Navika, Shah, and Sapphire regularly directed Nicolas Pereya's work, and Nicolas Pereya does not fall within any exemption under the FLSA.

79.     Plaintiff Travis Schoue worked for Navika and Garnet.  He was entitled to be paid for each hour he worked.  As a full-time non-exempt employee, he was entitled to a minimum hourly wage.  29 U.S.C. § 206.  He was also entitled to overtime wages at one and one half times his "regular rate" for all hours worked over forty in a given work week.  *Id.* at § 207. Navika, Shah, and Garnet failed to pay Travis Schoue for all hours worked, his minimum wages for all hours worked, and overtime wages for all hours worked in excess of forty hours per week. Among other illegal actions, Defendants intentionally misrepresented the number of actual hours Travis Schoue worked, and because he was paid the minimum wage for hours reported on his paychecks (as opposed to worked), his wages per hour fall below the minimum wage.

80.     Navika, Shah, and Garnet regularly directed Travis Schoue's work, and Travis Schoue does not fall within any exemption under the FLSA.

81.     Plaintiff Matthew Stephenson worked for Navika and Sunstone.   He was entitled to be paid for each hour he worked.  As a full-time non-exempt employee, he was entitled to a minimum hourly wage.  29 U.S.C. § 206.  He was also entitled to overtime wages at one and one half times his "regular rate" for all hours worked over forty in a given work week. *Id.* at § 207.   Navika, Shah, and Sunstone failed to pay Matthew Stephenson for all hours worked, his minimum wages for all hours worked, and overtime wages for all hours worked in excess of forty hours per week.   Among other illegal actions, Defendants intentionally

misrepresented the number of actual hours Matthew Stephenson worked, and because he was paid the minimum wage for hours reported on his paychecks (as opposed to worked), his wages per hour fall below the minimum wage.

82.     Navika, Shah, and Sunstone regularly directed Matthew Stephenson's work, and Matthew Stephenson does not fall within any exemption under the FLSA.

83.     Plaintiff Rosa Joanne Alvarado worked for Navika and Garnet.   She was entitled to be paid for each hour she worked.   As a full-time non-exempt employee, she was entitled to a minimum hourly wage.   29 U.S.C. § 206.   She was also entitled to overtime wages at one and one half times her "regular rate" for all hours worked over forty in a given work week. *Id.* at § 207.   Navika, Shah, and Garnet failed to pay Rosa Joanne Alvarado for all hours worked, her minimum wages for all hours worked, and overtime wages for all hours worked in excess of forty hours per week.   Among other illegal actions, Defendants intentionally misrepresented the number of actual hours Rosa Joanne Alvarado worked, and because she was paid the minimum wage for hours reported on her paychecks (as opposed to worked), her wages per hour fall below the minimum wage.

84.     Navika, Shah, and Garnet regularly directed Rosa Joanne Alvarado's work, and Rosa Joanne Alvarado does not fall within any exemption under the FLSA.

85.     The illegal pattern or practice on the part of Defendants with respect to minimum and overtime wages was in violation of the FLSA.   No exemption excuses Defendants from paying Plaintiffs their minimum and overtime wages.   Nor have Defendants made a good faith effort to comply with the FLSA.   Rather, Defendants knowingly, willfully and/or with reckless disregard carried out their illegal pattern or practice regarding the payment of wages to Plaintiffs.

**F.  Causes of Action**

86.     Plaintiffs incorporate herein all allegations contained in paragraphs 1 through 85.

87.     Defendants' practice of failing to pay Plaintiffs all minimum and overtime wages was and is in violation of the FLSA.  29 U.S.C. §§ 206, 207.  Accordingly, Plaintiffs are entitled to their minimum wages, as well as payment for all overtime hours worked in an amount that is one and one half times their regular rates of pay.

88.     No exemption applies to Plaintiffs.

89.     Defendants' practice of failing to pay Plaintiffs for all hours worked is a breach of contract.  In the alternative, Plaintiffs provided valuable labor and/or services to Defendants, who accepted the benefits of those services, in expectation that they would be paid for those labor and/or services, constituting a claim for quantum meruit.

**G.  Damages**

90.     As a direct and proximate result of the Defendants' conduct, Plaintiffs suffered the following injuries and damages:

a.      Actual damages (unpaid wages, minimum wages, and overtime wages, among others);

b.      Liquidated damages in an amount equivalent to actual damages;

c.      All reasonable and necessary attorneys' fees; and

d.      All reasonable and necessary costs incurred in pursuing this lawsuit.

**H.  Attorney Fees & Costs**

91.     Plaintiffs are entitled to an award of attorney fees and costs under 29 U.S.C. § 216(b), and other applicable laws relating to the claims made herein.

## I.  Jury Demand

92.     Plaintiffs hereby demand a trial by jury.

## J.  Prayer

93.     Plaintiffs Anne Bond, Dany Cruz, Stephanie Weber, Kaylyn Garcia, Shenika Preston, Kathryn Rogers, Russell Smith, Ramario Armstrong, Brandon Batchelor, Esmeralda Carrizales, Ashley Foege, Ashton Forbes, Jamilla Garcia, Gary Datha, Tommy Ivy, Ashley Mars, Eric Nordheim, Nicolas Pereya, Travis Schoue, Matthew Stephenson, and Rosa Joanne Alvarado respectfully request the Court to:

   a.   Declare that Defendants have violated the minimum and overtime provisions of the FLSA as to Plaintiffs;

   b.   Declare Defendants' violations of the FLSA to be willful;

   c.   Declare that Defendants have breached their contracts with Plaintiffs; or in the alternative, that Plaintiffs are entitled to recover from Defendants under quantum meruit;

   d.   Award Plaintiffs damages for the amount of unpaid wages, minimum wages, and overtime wages subject to proof at trial;

   e.   Award Plaintiffs an equal amount as  liquidated damages as allowed under the FLSA;

   f.   Award Plaintiffs reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA and Texas law; and

   g.   Award such other and further relief under law or equity.

Respectfully submitted,


*/s/ Howard L. Steele , Jr.*
Howard L. Steele, Jr.
State Bar No. 24002999
Federal Bar No. 21615
700 Louisiana Street, Suite 3950
Houston, Texas 77002
(713) 659-2600 Telephone
(713) 659-2601 Facsimile
hsteele@steele-law-group.com

ATTORNEY IN CHARGE FOR PLAINTIFFS


Tyrone L. Haynes
STEELE LAW GROUP, PLLC
State Bar No. 24076430
Federal Bar No. 2303786
Shreedhar R. Patel
Texas Bar No. 24074864
700 Louisiana Street, Suite 3950
Houston, Texas 77002
(713) 659-2600 Telephone
(713) 659-2601 Facsimile

OF COUNSEL