# SETTLEMENT AGREEMENT

## RELEASE AND SETTLEMENT AGREEMENT

This **RELEASE AND SETTLEMENT AGREEMENT** (the "Agreement") is made and entered into by and between **SHENIKA PRESTON** ("**PRESTON**") and **NAVIKA CAPITAL GROUP, LLC, YELLOW SAPPHIRE HOSPITALITY, INC.**, and **NAVEEN C. SHAH**, (collectively "**NAVIKA**") (with PRESTON and NAVIKA being referred to individually as a "Party" and collectively as the "Parties.")

**WHEREAS**, a dispute exists between PRESTON and NAVIKA arising out of or generally relating to PRESTON'S alleged employment with NAVIKA and payment of wages, which resulted in the filing by PRESTON of a lawsuit which is currently in the United States District Court for the Southern District of Texas and captioned *Preston v. Navika Capital Group, LLC, Yellow Sapphire Hospitality, Inc., and Naveen C. Shah*, Case No. 3:15-cv-00218 (the "Lawsuit");

**WHEREAS**, NAVIKA denies all of PRESTON'S allegations and claims;

**WHEREAS**, PRESTON and NAVIKA desire to avoid further litigation and the associated legal costs and expenses; and

**WHEREAS**, PRESTON and NAVIKA desire, without any concession or admission of unlawful conduct, liability, fault, or wrongdoing by NAVIKA, to effect a full, complete, final, and binding settlement and compromise of all claims related to payment of wages that PRESTON may have against NAVIKA, with prejudice.

**NOW, THEREFORE**, in consideration of the mutual covenants and promises each party has made to the other as set forth in this Agreement, PRESTON and NAVIKA agree as follows:

1. **Dismissal of the Lawsuit.** PRESTON agrees to immediately seek approval from the Court to dismiss **WITH PREJUDICE** the Lawsuit by filing a Motion for Approval of the Settlement Agreement or filing an appropriate stipulation dismissing the Lawsuit **WITH PREJUDICE** to the extent permitted.

2. **Specific Waiver and Release of Claims.** Except for the obligations created under Paragraphs 5 and 6(a) of this Agreement, which are not released, in exchange for the consideration described herein, PRESTON for himself and on behalf of his respective legatees, executors, administrators, principals, partners, agents, employees, personal representatives, successors, heirs, attorneys, insurers, assignees and their attorneys and the partners, associates, members, of counsels, assignees and investigators of or for their attorneys, and any assigns, including any trustee appointed by a bankruptcy court during the pendency of any bankruptcy case (collectively, the "**PLAINTIFF RELEASORS**") irrevocably and unconditionally waives, releases, and forever discharges **NAVIKA CAPITAL GROUP, LLC, YELLOW SAPPHIRE HOSPITALITY, INC.**, and **NAVEEN C. SHAH** and their respective legatees, executors, administrators, officers, directors, shareholders, members, principals, partners, agents, employees, personal representatives, successors, heirs, attorneys, insurers, assignees, all predecessor and successor companies, and all parent, subsidiary and other related or affiliated companies, their attorneys and the partners, associates, members, of counsels, assignees and

1

investigators of or for their attorneys, and any assigns, including any trustee appointed by a bankruptcy court during the pendency of any bankruptcy case (collectively the "**RELEASED PARTIES**"), from any and all claims, charges, complaints, actions, causes of action, lawsuits, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever, asserted in or that could have been asserted in the Lawsuit related to the payment of wages during PRESTON'S employment with the RELEASED PARTIES. Specifically, PLAINTIFF RELEASORS waive all claims against the RELEASED PARTIES for any alleged violation of the Fair Labor Standards Act or any Texas Wage-Related Class Claims.

3.  **Covenant Not To Sue.** PLAINTIFF RELEASORS also agree not to sue any or all of the RELEASED PARTIES in any forum for any claim covered by the waivers and releases herein, except that PLAINTIFF RELEASORS may bring a claim to enforce this Agreement. If PLAINTIFF RELEASORS violate this Agreement by suing the RELEASED PARTIES, other than to enforce this Agreement, PLAINTIFF RELEASORS shall be liable to such RELEASED PARTIES that are parties to the lawsuit for their reasonable attorneys' fees and other litigation costs and expenses incurred in defending against such a lawsuit. Alternatively, and in the sole discretion of the RELEASED PARTIES, if PLAINTIFF RELEASORS sue the RELEASED PARTIES, PLAINTIFF RELEASORS may be required, at the RELEASED PARTIES' option, to return all but One Hundred Dollars and No Cents ($100.00) of the consideration paid to PRESTON pursuant to this Agreement.

4.  **Non-Admission of Liability and Precedential Effect of Agreement**

    (a)  PRESTON and NAVIKA acknowledge and agree that this Agreement is in compromise of disputes between PRESTON and NAVIKA and is to be regarded as a "no-fault" settlement, and that NAVIKA does not admit the truth, correctness, fault or liability of any allegations made against it in any claims, charges, complaints, actions, causes of action, lawsuits, grievances, controversies, disputes, or demands by PRESTON, including, but not limited to those set forth in the Lawsuit;

    (b)  PRESTON and NAVIKA further acknowledge and agree that nothing contained in this Agreement, nor any representation, warranty or consideration provided pursuant to this Agreement or the acts taken hereunder, shall be deemed or construed (i) as an admission of truth, correctness, fault or liability of any violation of any applicable law, statute, ordinance, order, regulation, or constitution of any kind; or (ii) to establish that there was any fault or liability of any violation of any applicable law, statute, ordinance, order, regulation, or constitution of any kind; and

    (c)  PRESTON and NAVIKA further acknowledge and agree that this Agreement (i) shall have no precedential effect in any other action or litigation involving any person that joined or was eligible to join the action captioned *Wilson et al. v. Navika Capital Group, LLC et al.*, Case No: 10-cv-01569 in the Southern District of Texas, and any other actions or claims arising out of such case, or the RELEASED PARTIES, as such term is defined

2

in Paragraph 2; and (ii) shall not be admissible and shall not be used or relied upon by any person set forth in Paragraph 4(c)(i) in any proceeding for any purpose other than for the enforcement of this Agreement.

(d) PRESTON further acknowledges and agrees that his employment relationship with NAVIKA has been permanently and irrevocably severed, and that NAVIKA does not have any obligation, contractual or otherwise, to hire, rehire, or reemploy PRESTON in the future. PRESTON further agrees that PRESTON shall not knowingly seek employment with any defendant named in *Wilson et al. v. Navika Capital Group, LLC et al.*, Case No: 10-cv-01569 in the Southern District of Texas or the RELEASED PARTIES at any time in the future.

5. **Consideration to PRESTON.**

(a) In exchange for the promises made by and in consideration for all the terms agreed to by PRESTON in this Agreement, NAVIKA agrees to make the following payments to PRESTON: (1) one check in the amount of $9,750.00 with such payment being made within thirty (30) days after PRESTON and NAVIKA sign this Agreement, PRESTON completes, executes and submits Form W-9s to NAVIKA, and the Court approves the Motion to Approve Settlement, whichever event occurs last.

(b) PRESTON agrees that he shall be solely responsible for any federal, state or other taxes that he may owe as a result of any payment made by NAVIKA pursuant to the terms of this Agreement and will indemnify NAVIKA for any tax liability incurred as a result of this settlement. PRESTON agrees that, should any taxing authority assess any taxes against NAVIKA as a result of the consideration set forth in this Agreement, PRESTON will be solely responsible for the taxes, if any, which may be owed to any governmental agency as a result of the consideration herein, and PRESTON agrees that he will indemnify, defend, and hold harmless NAVIKA for any such taxes. This indemnity provision will survive the fulfillment and/or termination of all payment obligations contained in this Agreement.

6. **Reasonable Attorneys' Fees.** While there is no finding of liability against NAVIKA, NAVIKA desires to avoid further litigation and the associated legal costs and expenses associated therewith and has agreed to pay the following items as follows:

(a) NAVIKA has agreed to pay the reasonable attorneys' fees and costs incurred by PRESTON, with such fees being determined by the Court. The Parties agree that counsel for PRESTON shall file a motion to determine the reasonable attorneys' fees incurred by counsel for PRESTON herein in accordance with Local Rule 7. The Parties further agree that, unless the Court orders otherwise, such motion shall be submitted on the papers and payment for the reasonable attorney's fees shall be made within thirty (30) days after the Court determines and awards such.

7. **The Parties' Representations and Warranties.** Each Party represents and warrants that it has: (a) all necessary power and authority to execute, deliver, and perform this Agreement; and (b) the consent of no other person or entity claiming through or under such warranting party is required to effectuate the terms of this Agreement.

8. **Representations and Warranties of PRESTON.** PRESTON represents and warrants that (a) he has not sold, assigned or otherwise transferred to any third party any interest he may have in any claims released herein; (b) he has not filed any insolvency proceeding before or after the filing of the Lawsuit; and (c) he has been properly paid by NAVIKA for all hours worked in compliance with state and federal law.

9. **Further Assurances.** Each of the Parties, without further consideration, agrees to execute and deliver such other documents and take such other action as may be necessary to consummate more effectively the subject matter hereof.

10. **Legal, Tax Advice.** The Parties warrant, represent and agree that they are not relying on the advice of the other party as to legal, tax or other consequences of any kind arising out of this Agreement and the Parties specifically assume their own risk of all adverse legal, tax and other consequences.

11. **No Assignment.** None of the rights, privileges, or obligations set forth in, arising under, or created by this Agreement may be assigned without the prior consent in writing of each party to this Agreement.

12. **Advice of Counsel.** Each Party to this Agreement has read this Agreement and acknowledges that he, she or it (i) has been advised to consult with counsel; (ii) that each Party has had the opportunity to and has consulted with his, her or its respective counsel; (iii) such counsel is of each Party's own choice; and (iv) to the extent necessary, the terms of this Agreement have been explained to him, her, or it to his, her or its satisfaction by his, her or its respective counsel.

13. **Voluntary Agreement.** All Parties represent that they have read this Agreement or it has been read to them, and that they know and understand the full contents and the binding effect thereof. Further, all Parties expressly acknowledge, understand and agree that they knowingly, consciously, freely and voluntarily entered into this Agreement with full knowledge of its significance, and each Party has not been coerced, threatened, or intimidated into signing this Agreement.

14. **No Presumption Against Drafter.** The Parties hereto agree that the terms and language of this Agreement were the result of negotiations between the Parties. In the event any ambiguity or question of intent or interpretation arises, this Agreement shall be construed as if drafted jointly by the Parties hereto, and no presumption or burden of proof shall arise favoring or disfavoring any Party by virtue of the authorship of any of the provisions of this Agreement.

15. **Severability.** The Parties agree that if any phrase, clause, or provision of this Agreement is declared to be illegal, invalid or unenforceable by a court of competent jurisdiction, such phrase, clause or provision shall be deemed severed from this Agreement, but will not affect any other provisions of this Agreement, which shall otherwise remain in full force and effect. If any phrase, clause, or provision in this Agreement is deemed to be unreasonable, onerous or unduly restrictive by a court of competent jurisdiction, it shall not be stricken in its

entirety and held totally void and unenforceable, but shall remain effective to the maximum extent permissible within reasonable bounds. If any waiver, release, or covenant not to sue set forth herein is deemed to be illegal, invalid or unenforceable in whole or in part, then NAVIKA'S obligations under this Agreement shall be nullified.

16. **Integration.** Each Party hereto acknowledges that no other Party or any agent or attorney of any other Party, or any person, firm, corporation, partnership, limited liability company or any other entity has made any promise, representation or warranty, whether express, implied or statutory, not contained or referred to herein, to induce the execution of this Agreement.

17. **Entire Agreement.** Except as expressly provided otherwise herein, this Agreement, including any addenda or exhibits attached hereto, contains the entire Agreement between the Parties with respect to the subject matter hereof and supersedes all prior agreements, negotiations and oral understandings or representations concerning the subject matter hereof.

18. **Amendments.** This Agreement may not be amended, supplemented, or modified in any way, except by an amendment in writing and signed by authorized representatives of the Parties and except as otherwise provided herein, no amendment will be effected by the acknowledgement or acceptance of a form stipulating additional or different terms.

19. **Successors and Assigns.** Except as otherwise expressly limited herein, this Agreement shall inure to the benefit of, and be binding upon each of the Parties and their respective legatees, executors, administrators, officers, directors, shareholders, members, principals, partners, agents, employees, personal representatives, successors, heirs, attorneys, insurers, assignees, all predecessor and successor companies, and all parent, subsidiary and other related or affiliated companies, their attorneys and the partners, associates, members, of counsels, assignees and investigators of or for their attorneys, and any assigns, including any trustee appointed by a bankruptcy court during the pendency of any bankruptcy case.

20. **Waivers.** Any waiver by the Parties may only be waived by a written instrument, signed by the Parties hereto, specifically describing such waiver. No waiver by any Party of any default, misrepresentation, or breach of warranty or covenant hereunder, whether intentional or not, shall be deemed to extend to any prior or subsequent default, misrepresentation, or breach of warranty or covenant hereunder or affect in any way any rights arising by virtue of any prior or subsequent such occurrence. Waiver of any one provision, or portion thereof, shall not be deemed to be a waiver of any other provision herein.

21. **Imaged Signatures.** This Agreement may be delivered to each Party by facsimile or by email (with the Agreement and signatures imaged in a standard format such as Acrobat or TIF) and such delivery shall be effective and binding. The Parties acknowledge and agree that after execution and delivery by facsimile or email, additional copies of this Agreement may be circulated for signature so that each Party will ultimately retain a fully executed original. The circulation of the additional copies for original signatures shall in no way diminish or affect the binding effect of the Agreement previously signed in counterparts and delivered by facsimile or email.

22. **Counterparts.** This Agreement may be executed in counterparts and as so executed shall constitute one agreement and shall be binding upon the Parties hereto, notwithstanding that all Parties who are signatories do not appear on the same signature page.

23. **Headings.** All section headings are stated for convenience only and shall not be considered in construing this Agreement.

_____
SHENIKA PRESTON
Dated: 11-04-16

**[THE REMAINDER OF THIS PAGE HAS INTENTIONALLY BEEN LEFT BLANK]**

6

NAVIKA CAPITAL GROUP, LLC

*Naveen Shah*

By: Naveen Shah, its Authorized Manager

Dated: 11/16/2016

YELLOW SAPPHIRE HOSPITALITY, INC.

*Naveen Shah*

By: Naveen Shah, its President & CEO

Dated: 11/16/2016

*Naveen Shah*

Naveen C. Shah, Individually

Dated: 11/16/2016

7