United States District Court
Southern District of Texas
**ENTERED**
December 06, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| SHENIKA PRESTON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:15-CV-218 |
| | § | |
| NAVIKA CAPITAL GROUP, LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is the parties' Joint Motion to Approve Settlement Agreement and Release. Dkt. 58. In their Motion, the parties advised the Court of their agreement on all issues except the dollar amount to be paid by Defendants for reasonable attorneys' fees and costs incurred by the Plaintiff. The parties could not reach an agreement on this issue, and thus proposed to submit the determination of reasonable attorneys' fees and costs to the Court.

Also before the Court is the parties' Joint Stipulation. Dkt. 59. Here, the parties advised the Court of their subsequent agreement on a reasonable amount and timeframe for payment of such fees and costs.

This suit was brought directly by an employee against his employer for back minimum and overtime wages under the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207 ("FLSA"). A settlement such as this likely requires the Court's approval. *Cormier v. C & S Wireline Services, L.L.C.*, CIVIL NO. 2:15-CV-209, 2015 WL 12803706, at *1 (S.D. Tex. July 15, 2015). To approve of a settlement, a court must "determine whether (1) the

settlement involves the resolution of a bona fide dispute over an FLSA provision and (2) the settlement is fair and reasonable." *Id.* (quoting *Altier v. Worley Catastrophe Response, LLC*, No. 11-241, 11-242, 2012 WL 161824, at *13 (E.D. La. Jan. 18, 2012)).

Here, the Court **finds** that there is a bona fide dispute over whether Defendants are liable under the FLSA. Plaintiff alleges that Defendants failed to pay required minimum and overtime payments, while Defendants argue that Plaintiff's charges are procedurally barred. The Court further **finds** that the proposed settlement will resolve this dispute. The Court further **finds** that the settlement is fair and reasonable. Both parties are represented by able and experienced attorneys. In exchange for agreeing to a no-fault settlement and to dismissal of all remaining claims with prejudice, Plaintiff will recover a dollar amount that is higher his alleged damages and reasonable attorneys' fees and costs.

After considering the Motion, Stipulation, law, and the fully executed settlement agreement and release, the Court finds that the Motion should be granted as follows. It is therefore **ORDERED** that the parties' Motion, as supplemented by the Joint Stipulation, is **GRANTED.**

It is further **ORDERED** that the Settlement Agreement and Release (Dkt. 58-1) is **APPROVED** by this Court.

The settlement agreement between the parties having been fully documented, it is further **ORDERED** that all remaining claims are hereby **denied, as moot**. This case is hereby **dismissed, with prejudice**.

This is a **FINAL JUDGMENT**.

SIGNED on December 6, 2016 at Galveston, Texas.

George C. Hanks, Jr.
United States District Judge